UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.P. MORGAN SECURITIES, LLC as the successor in interest to CHASE INVESTMENT SERVICES, CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH BAUMANN, individually and his purported capacity as an agent of the State of California and the California Labor and Workforce Development Agency pursuant to the Labor Code Private Attorneys General Act of 2004<br><br>Defendant. | Case No. 5:15-cv-04010-AB-FFM<br><br>**[PROPOSED] JUDGMENT** |

**JUDGMENT**

Pursuant to the Order Granting Plaintiff's Motion to Dismiss with Prejudice, which is incorporated herein by reference, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. On July 8, 2011, Defendant Joseph Baumann ("Mr. Baumann") filed a representative action (the "*Baumann* Action") under the Private Attorneys General Act of 2004 ("PAGA") against Chase Investment Services Corp., JPMorgan Chase Bank and JPMorgan Chase & Co. for claims related to his employment. *See Baumann v. Chase Investment Services Corporation*, Los Angeles Superior Case No. BC464979. Defendants removed the *Baumann* Action to federal court under the Class Action Fairness Act ("CAFA"), and Mr. Baumann moved to remand. The district court denied Mr. Baumann's motion to remand, which Mr. Baumann appealed. The Ninth Circuit ultimately reversed the district court's ruling. *Baumann v. Chase Investment Services Corp.*, 747 F.3d 1117, 1117 (9th Cir. 2014), cert. denied ––– U.S. –––, 135 S.Ct. 870, 190 L.Ed.2d 702 (2014). The *Baumann* Action is currently pending in the California Superior Court.

2. JPMorgan Securities, LLC ("JPMS") initiated the instant action against Mr. Baumann for equitable, declaratory, and prospective injunctive relief concerning the terms of an arbitration agreement in his employment contract ("Employment Contract"). (Complaint, Dkt. No. 1, ¶ 1.) According to JPMS, Mr. Baumann agreed to arbitrate all "Covered Claims" through binding arbitration, including the claims pending in the *Baumann* Action. (*Id.* at ¶ 22.) JPMS alleged that "In violation of his obligations under the Arbitration Agreement, Baumann brought and continues to bring his claims in court and on a representative basis. . ." (*Id.* at ¶ 33.) JPMS further alleged that "Baumann, by purporting to act on behalf of the State and by proceeding with a representative action under PAGA in contravention of his agreement to arbitrate, is engaged in an ongoing violation of Plaintiff's federal rights under the [Federal Arbitration Act ("FAA")] and the Supremacy Clause." (*Id.* at ¶ 43.) JPMS further alleged that "Bauman breached, and

1  continues to breach, the arbitration agreement by filing, and continuing to pursue, the
2  State Court Lawsuit." (*Id.* at ¶ 55.) JMPS also alleged "Bauman breached, and
3  continues to breach, the Arbitration Agreement by failing to submit his individual claims
4  to arbitration in accordance with his contractual arbitration agreement, even after
5  Plaintiff requested such submission." (*Id.* at ¶ 56.)

6      3.    On May 11, 2015, Mr. Baumann moved to dismiss JPMS' claims. (Dkt.
7  No. 14.) In granting Mr. Baumann's Motion to Dismiss, the Court ruled that the Federal
8  Anti-Injunction Act and *Younger* Doctrine bar JPMS' claims. (Dkt. No. 45.) The Court
9  also ruled that Chase's claims fail because the FAA does not preempt the plaintiff's right
10 to pursue representative PAGA claims. Because this failure cannot be cured by the
11 pleading of additional facts, the Court granted Mr. Baumann's Motion to Dismiss with
12 prejudice.

13     4.    The Court now enters Judgment for Mr. Baumann. The matter is
14 **DISMISSED WITH PREJUDICE**, but the Court retains ancillary jurisdiction over the
15 parties to, *inter alia*, rule on any motions for attorneys' fees and costs. *See K.C. ex rel.*
16 *Erica C. v. Torlakson*, 762 F.3d 963, 968 (9th Cir. 2014).

18 **IT IS SO ORDERED, ADJUDGED, AND DECREED.**

20 Dated: September 1, 2015

_____
Hon. André Birotte Jr.
United States District Judge